[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 19, 2012
JOHN LEY
CLERK

No. 11-12307
Non-Argument Calendar
_____

Agency No. A096-652-673


YAMNA JASMAR VIVAS GUERRERO,

Petitioner,


versus


U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(January 19, 2012)

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

Yamna Jasmar Vivas Guerrero ("Vivas"), a native and citizen of Venezuela, seeks review of the denial of her motion to reopen her asylum application. After review, we deny the petition.[1]

## I. BACKGROUND FACTS

### A. Asylum Application

On January 25, 2005, Vivas entered the United States on a visitor's visa with authorization to remain until December 30, 2005. Vivas overstayed her visa. The Department of Homeland Security issued a Notice to Appear, charging Vivas with removability, pursuant to the Immigration and Nationality Act ("INA") § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B).

In March 2007, Vivas filed an application for asylum, withholding of removal and relief under the United Nations Convention Against Torture ("CAT"). Vivas's application alleged past persecution and fear of future persecution based on Vivas's membership in a particular social group. Vivas claimed that while she lived in Venezuela in 2003 she was threatened by unknown assailants because she

---

[1]We review the denial of a motion to reopen for abuse of discretion. Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1256 (11th Cir. 2009). "Our review is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Ali v. U.S. Att'y Gen., 443 F.3d 804, 808 (11th Cir. 2006). Where, as here, the BIA's decision adopted the IJ's reasoning, we review both decisions. See Jiang, 568 F.3d at 1256.

worked for a U.S. petroleum company. In October 2003, two armed men kidnapped Vivas, took all of her belongings, including her money, jewelry, clothing, car and identification and credit cards, and then threw her from a bridge. The men repeatedly told Vivas they had kidnapped her because she worked for a "gringo" company and that if she did not leave the company, they would "do the same thing" to her family and kill them.

After an August 17, 2009 merits hearing, the Immigration Judge ("IJ") denied all requested relief because, among other things, Vivas had not shown persecution on account of one of the five protected grounds. On October 8, 2009, the Board of Immigration Appeals ("BIA") dismissed Vivas's appeal for lack of jurisdiction because the appeal was untimely.

## B. Motion to Reopen

More than a year later, on October 15, 2010, Vivas filed a motion to reopen based on new evidence in support of her asylum application. Vivas attached documentation, including an affidavit and police report, indicating that on July 19, 2010, Joenny Vivas, Vivas's sister in Venezuela, was attacked by two armed men who had mistaken Joenny for Vivas. Vivas's motion to reopen argued that this evidence showed there was a reasonable possibility of future persecution based on her political opinion. According to Joenny's affidavit, the men called her

3

"Yamna," and told her she had to go with them. Joenny told the men she was Yamna's sister and to check her identification. When she finally convinced the men she was not Vivas, the men left.

In a November 10, 2010 order, the IJ denied Vivas's motion to reopen because Vivas's new evidence was not likely to change the outcome of her case. The IJ explained that even if he accepted all of the new evidence as true, it was not material because it did not show the men's motive for targeting Vivas. The IJ noted its prior finding that Vivas did not have a well-founded fear of future persecution because, inasmuch as the persecution was motivated by her employment with a U.S. company in 2003, Vivas had resigned from the company, the company had left Venezuela and Vivas had traveled back to Venezuela multiple times since 2005. The IJ determined that Vivas's new evidence undermined her original explanation of the motive for the 2003 attack and that it was illogical that seven years later the same masked men would look for her again to demand that she resign from a company that was no longer in Venezuela. The IJ also found that Vivas's new evidence did not indicate any government involvement to demonstrate her eligibility for CAT relief.

The BIA dismissed Vivas's appeal. The BIA agreed with the IJ's conclusion that the evidence was not material because it did not indicate that the

4

masked men targeted Vivas based on an enumerated ground. The BIA agreed that the new evidence undermined Vivas's original explanation for the threats and attack and that "it does not logically follow that approximately 7 years after the respondent's resignation from her position at an American company the same masked men would go looking for her to again demand that she resign from the company." The BIA also noted that the IJ's original denial of asylum indicated that there was "much crime in Venezuela," that Vivas was robbed during the October 2003 attack and that "it was not clear to the Court that one of the enumerated grounds was a central reason for the attack, as required, rather than a criminal motive."

## II. DISCUSSION

An alien generally must file a motion to reopen removal proceedings within ninety days of the BIA's final removal order. Immigration and Nationality Act ("INA") § 240(c)(7)(C), 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.23(b)(1). However, the ninety-day limitation does not apply if the motion seeks asylum, withholding of removal, or CAT relief based on changed country conditions and the evidence of changed conditions is material and "was not available and would not have been discovered or presented at the previous proceeding." INA § 240(c)(7)(C)(ii), 8 U.S.C. 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.23(b)(4)(i). An

5

alien moving to reopen bears a "heavy burden" with respect to materiality in that she must show "that, if the proceedings were opened, the new evidence would likely change the result in the case." Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1256-57 (11th Cir. 2009); Ali v. U.S. Att'y Gen., 443 F.3d 804, 813 (11th Cir. 2007). Thus, the BIA may deny a motion to reopen if the new evidence does not establish prima facie asylum eligibility. Al Najjar v. Ashcroft, 257 F.3d 1262, 1302 (11th Cir. 2001).

To establish prima facie eligibility for asylum, the applicant must show past persecution or a fear of future persecution on account of one of the five protected grounds. INA § 101(a)(42), 8 U.S.C. § 1101(a)(42)(A); Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230-31 (11th Cir. 2005). Under the REAL ID Act of 2005, the asylum applicant must show that one of the protected grounds "was or will be at least one central reason" for the persecution. INA § 208(b)(1)(B)(i), 8 U.S.C. § 1158(b)(1)(B)(i).[2] Evidence of acts of private violence or criminal activity do not demonstrate persecution on account of a protected ground. Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1258 (11th Cir. 2006).

We conclude that the IJ and the BIA did not act arbitrarily or capriciously in

---

[2]Because Vivas's 2007 application was filed after May 11, 2005, the REAL ID Act provisions apply to her case. See Pub. L. No.1-9-13, § 101(h)(2), 119 Stat. 302, 305-06. Vivas's claim that the IJ and the BIA misapplied the "one central reason" standard lacks merit.

6

denying Vivas's motion to reopen. Vivas's motion was filed on October 15, 2010, almost one year after the BIA's October 8, 2009 final order. Thus, Vivas's motion was untimely unless she presented material evidence of changed country conditions.

The IJ and the BIA reviewed Vivas's new evidence and determined that it did not satisfy the applicable standard for materiality. The IJ and the BIA concluded that the new evidence was not material because it did not demonstrate a motive for the masked men's interest in Vivas, much less one that implicated a statutorily protected ground. The IJ and the BIA also noted that the new evidence undermined Vivas's original explanation for their interest—her employment with a U.S. petroleum company—given that Vivas resigned from her job seven years before the attack on her sister. Thus, if anything, Vivas's new evidence suggested their motive may have been criminal, which cannot satisfy the nexus requirement for asylum eligibility. Under the circumstances, we cannot say the IJ and the BIA abused their discretion when they concluded that Vivas's new evidence would not change the result in her case.

**PETITION DENIED.**